UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SCOTT MATALON )<br>    Plaintiff )<br>)<br>v. )<br>)<br>CITY OF BOSTON, )<br>MARY ANN O'NEIL )<br>JOSEPH HYNNES )<br>)<br>    Defendants ) | Civil Action No. 1:13-CV-10001-LTS |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' PRE-TRIAL MOTIONS**

Plaintiff provides below brief response to responds to the defendants' pre-trial motions. The motions are identified in as follows:

1. **Exclude IAD records**

   Plaintiff acknowledges that, at this juncture, the records are not admissible. In the unlikely event that view changes, Plaintiff will seek permission outside the presence of the jury before mentioning the evidence.

2. **Exclude Evidence of Lost Income and Reputational Damage**

   Plaintiff opposes the motion. Plaintiff will provide authority allowing such damages before opening statements. Plaintiff acknowledges there will be no mathematical evidence of lost income, narrowly construed.

1

3. **Exclude Character Evidence and Late Provided Witnesses**

Plaintiff believes that the character evidence referred to is admissible.  Plaintiff respects that F. R. Evid. 404(a)(1) might be read to require its exclusion.

However, per Rule 404(a)(2)(A) the evidence would be admissible were this a criminal case.

For all intents and purposes the defense to this civil case is a criminal case.  The defendants will seek to prove that Mr. Matalon committed two crimes.  One is assault.  Mr. Matalon should be entitled to prove that he is a peaceful person, as he did in his underlying criminal case.

A supplemental memorandum will be filed prior to opening statements.

As to late provided witnesses, plaintiff is unlikely to call them but preserves the right as rebuttal.


4. **Exclude Acquittal in Criminal case**.

Plaintiff agrees that counsel may not overtly argue that this civil jury must find defendants liable because of the acquittal in the criminal case.  The Fact of the acquittal and reasonable inferences to be drawn from it should be admitted, and indeed, the fact of the acquittal is an element of the malicious prosecution claim.

Moreover, a major component of the damage to Mr. Matalon is the financial cost of trial and the emotional distress attendant to being absolutely innocent while enduring the government's efforts to prove that he was guilty of crimes which could have resulted in his incarceration.

 It would be grossly unfair to allow evidence of the trial without evidence of the outcome.

|  |  |
|---|---|
| | RESPECTFULLY SUBMITTED, |
| | PLAINTIFF |
| Dated: September 18, 2014 | |
| | /s/ *Robert S. Sinsheimer* |
| | Robert S. Sinsheimer, BBO No. 464940 |
| | Lauren Thomas, Esq. BBO No. 667973 |
| | Sinsheimer and Thomas |
| | 92 State Street, 9th Floor |
| | Boston, MA 02109 |
| | 617-722-9954 |

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF System will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on September 18, 2014.

*/s/ Robert S. Sinsheimer*