UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| SCOTT MATALON, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 13-10001-LTS |
| MARY ANN O'NEILL and JOSEPH HYNES, | ) ) ) ) | |
| Defendants. | ) ) | |

MEMORANDUM AND ORDER ON PLAINTIFF'S APPLICATION FOR FEES

March 17, 2015

SOROKIN, J.

After prevailing on two counts at trial, Plaintiff Scott Matalon submitted an application for attorneys' fees and expenses pursuant to 42 U.S.C. § 1988. Doc. No. 117. Defendants objected to Plaintiff's fee request on six grounds. Doc. No. 132. The Court addresses each objection in turn.

First, Defendants challenges the fees of Mr. Stoker—a law school graduate who, at the time of trial, had not yet been admitted to the bar—as duplicative and symptomatic of overstaffing. Plaintiff concedes much, but not all, of Defendants' challenge to compensation for Mr. Stoker. Given that Plaintiff agrees to reduce Mr. Stoker's rate to that of a paralegal and drop the hours specifically challenged, and that Defendants utilized the services of a paralegal at trial

as well, the Court finds the remainder of the claim for Mr. Stoker's time reasonable. Thus, the claim for Mr. Stoker is reduced to 80.2 hours at $90.00 per hour.

Second, Defendants challenge Plaintiff's fee request insofar as it includes 8.71 hours of consultation with Attorney Fisher, Plaintiff's criminal defense attorney, in the course of preparing the action. The Court OVERRULES this objection. Efficient litigation strategy dictated consulting with Attorney Fisher as he had spent many hours investigating and conducting a trial regarding the very facts at issue in this civil lawsuit: the circumstances giving rise to the search of Matalon's home and his subsequent arrest. Moreover, both parties seriously contemplated calling him as a witness both before and during the trial, though, in the end, both parties declined to do so. Accordingly, the Court declines to reduce the time submitted for this activity.

Third, Defendants object that counsel's timesheets group together "core" and "non-core" work and bill both at the same rate. Defendants argue that the Court should distinguish counsel's activities along these lines and that non-core work should be compensated at two-thirds the rate of core work. For mixed entries, Defendants argue that the Court should deem half of the entry core work and the other half non-core work. The Court OVERRULES this objection and follows the lodestar approach. See Sys. Mgmt., Inc. v. Loiselle, 154 F. Supp. 2d 195, 202-04 (D. Mass. 2001). The Court notes that Defendants make no claim that Plaintiff's counsel seeks compensation for non-attorney tasks at attorney rates.

Fourth, Defendants object to the award of any attorneys' fees for Plaintiff's "frivolous" § 1983 malicious prosecution claim. This objection is OVERRULED. Claims that are dismissed by a party in the course of litigation are not necessarily "frivolous" claims. The Court notes that although a motion to dismiss was filed in this case, Doc. No. 10, that motion did not seek to dismiss the "frivolous" federal malicious prosecution claim nor was that claim attacked in a

motion for summary judgment. Moreover, the claim arose out of the same facts as other related theories, and Plaintiff, while pressing the claim, litigated it reasonably.

Fifth, Defendants object to the award of attorneys' fees for other unsuccessful claims. Defendants propose a ten percent reduction of the lodestar to reflect these claims on which Plaintiff was unsuccessful. Plaintiff prevailed both on an unreasonable search theory and an excessive force claim. The claims on which Plaintiff lost (or which Plaintiff dismissed) arose mostly out of the same nucleus of facts. While a ten percent reduction is too much, the Court agrees with Defendants that some reduction is warranted. A five percent reduction is appropriate in the circumstances of this case. Accordingly, the objection is ALLOWED IN PART AND DENIED IN PART.

Sixth, Defendants contend that Plaintiff's proposed hourly rates are excessive. Attorney Sinsheimer seeks a rate of $500 per hour. Defendants, for their part, propose a rate of $400 per hour for Attorney Sinsheimer, noting Judge Woodlock awarded him $350 per hour in 2011 for work performed in 2010. Defendants cite to that rate and adjust it upward to $400 per hour in light of inflation as well the additional experience Attorney Sinsheimer has gained in the last several years. In the Court's judgment, the City has it right, and the Court awards Attorney Sinsheimer $400 per hour. Several points bear mention. Plaintiff's reliance on <u>Drumgold v. Callahan</u>, 806 F. Supp. 2d 428 (D. Mass. 2011), is misplaced; that case presented a significantly more complex and contentious set of issues arising over a vastly longer period of time. Plaintiff also cites to a case in another session of this Court in which a lawyer less experienced than Attorney Sinsheimer received $450 per hour. <u>Rogers v. Cofield</u>, 935 F. Supp. 2d 351, 383 (D. Mass. 2013). Experience, however, is not the only factor in determining an appropriate hourly rate, and it was not the factor relied upon in that case.

Defendants also challenge the rates proposed for Attorney Thomas and Mr. Stoker. In his reply, however, Plaintiff agreed to Defendants' proposal that Attorney Thomas be compensated at $315 per hour, thereby resolving that objection. The Court has already resolved the objection regarding Mr. Stoker's rate. See page 1 supra.

Accordingly, Plaintiff's Application for Fees is DENIED INSOFAR as it seeks (a) compensation for more than 80.2 hours of Stoker's time at a rate of $90 per hour; (b) insofar as it seeks compensation for Attorney Sinsheimer's time at a rate other than $400 per hour; (c) insofar as it seeks compensation for Attorney Thomas's time at a rate in excess of $315 per hour; and (d) insofar as it requests more than 95% of the total hours sought in the Application multiplied by the applicable rate. In all other respects, the Motion is ALLOWED. Plaintiff shall recalculate the amount of the award in light of the foregoing and file a notice, within seven days of this Order, stating the amount of the request and whether Defendants concur in Plaintiff's calculation. Defendants' objections are preserved notwithstanding their position on the amount of the fee award as recalculated by Plaintiff consistent with this Order.

        SO ORDERED.

        /s/ Leo T. Sorokin
        Leo T. Sorokin
        United States District Judge